UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BANIK, an individual,

     Plaintiff,

vs.                            CASE NO.:

SPARTAN SHIELDING, LLC, a Florida
limited liability company, and JOHN
VAS, an individual,

     Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, John Banik ("Plaintiff"), by and through undersigned counsel, sues

Defendants, Spartan Shielding, LLC ("Spartan Shielding") and John Vas ("Vas")

(collectively hereinafter, "Defendants"), and alleges as follows:

## INTRODUCTION

1.     This is an action brought pursuant to the Fair Labor Standard Act of

1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime

compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331

and 29 U.S.C. § 216.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the

events or omissions giving rise to the claims alleged herein occurred in Hillsborough

County, Florida and within the jurisdiction of the Middle District of Florida, Tampa Division.

## PARTIES

4.      Plaintiff was and is a resident and citizen of Manatee County, Florida.

5.      Defendant Spartan Shielding was and is a Florida limited liability company conducting business in Hillsborough County, Florida, within the jurisdiction of the Middle District of Florida, Tampa Division, and subject to the requirements of the FLSA.

6.      Defendant Vas, as the Chief Operating Officer of Spartan Shielding, was and is an individual who owned and/or operated Defendant Spartan Shielding, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Spartan Shielding and over Plaintiff, Defendant Vas is an employer as defined by 29 U.S.C. § 201 et seq.

7.      At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

8.      At all times material, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

9.      At all times material, Defendants were an employer as defined by 29 U.S.C. § 203(d).

10.     Defendant Spartan Shielding was and is a Florida limited liability company conducting business worldwide, including but not limited to, in Hillsborough County, Florida, and subject to the requirements of the FLSA. Defendant Spartan Shielding is a full-service shielding company with internal manufacturing capabilities for RF, magnetic and radiation protection systems, located in Perth Amboy, New Jersey and Tampa, Florida, providing service and installation worldwide for their entire product line.

11.     Defendants are an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

12.     At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13.     Plaintiff worked for Defendants as a lead installer. In this capacity, Plaintiff handled goods and/or equipment, which had travelled in interstate commerce, on a daily basis.

14.     At all times material, Plaintiff was individually covered by the FLSA.

## GENERAL ALLEGATIONS

15.    Defendants employed Plaintiff as a lead installer for approximately four (4) years, through on or about, August 18, 2021. During this time, Plaintiff's primary job duties included, without limitation, performing the physical installation of Defendants' products for Defendants' customers.

16.    Plaintiff did not supervise, hire or fire employees for Defendants, or otherwise exercise discretion or independent judgment over matters of significance for Defendants. As such, for FLSA purposes, Plaintiff was not employed in a *bona fide* executive, professional, or administrative capacity.

17.    Defendants compensated Plaintiff on a salaried basis of $94,000.00 per year.

18.    Defendants misclassified Plaintiff as an exempt employee.

19.    Plaintiff regularly worked well in excess of forty hours per week for Defendants. In fact, Plaintiff often worked sixty to eighty (60-80) hours per week for Defendants, or more.

20.    Defendants had a policy and practice of refusing to compensate employees for the full amount of time that they worked.

21.    Plaintiff received no compensation whatsoever for hours worked over forty (40) in a workweek.

22.    Defendants unlawfully failed to compensate Plaintiff at time and one-half for all of his hours worked over forty hours in a workweek.

23.     Defendants knew that it was a violation of the FLSA not to compensate Plaintiff at a rate of not less than one and one-half his regular rate for all hours worked in a work week over forty (40) hours.

24.     Defendants willfully violated the FLSA and failed to provide Plaintiff overtime compensation for all overtime hours worked.

25.     To the extent time records exist, concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendants.

26.     Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

27.     All conditions precedent to this action have been satisfied, waived, or excused.

## COUNT I
### (Overtime Compensation Due Under the FLSA)

28.     Plaintiff re-alleges paragraphs 1 through 27 as if set forth fully herein.

29.     Plaintiff worked more than forty (40) hours in a week for one or more weeks during his employment with Defendants.

30.     Defendants refused to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for any hours Plaintiff worked over forty (40) in a workweek for one or more weeks during his employment with Defendants.

31.     Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for all hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

32.     Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

a.     accept jurisdiction over this action;

b.     award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c.     award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

d.     award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e.     entry of final judgment against Defendants;

f.     declare that Plaintiff was a non-exempt employee of Defendants; and

g.     award all other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

> *s/ Bradley P. Rothman*
> Bradley P. Rothman, Esq.
> Florida Bar No. 0677345
> brothman@weldonrothman.com
> WELDON & ROTHMAN, PL
> 2548 Northbrooke Plaza Drive
> Naples, Florida 34119
> Tel: (239) 262-2141
> Fax: (239) 262-2342
> *Counsel for Plaintiff*